1   **SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
    Alan R. Plutzik (Bar No. 077785)
2   L. Timothy Fisher (Bar No. 191626)
    2125 Oak Grove Road, Suite 120
3   Walnut Creek, CA 94598
    Telephone: (925) 945-0770
4   Facsimile: (925) 945-8792

5       - and -

6   Joseph H. Meltzer
    Gerald D. Wells, III
7   Robert J. Gray
    Nick S. Williams
8   280 King of Prussia Road
    Radnor, PA 19087
9   Telephone: (610) 667-7706
    Facsimile: (610) 667-7056

10

    *Counsel for Plaintiffs*
11
                    **UNITED STATES DISTRICT COURT**
12                **NORTHERN DISTRICT OF CALIFORNIA**

13  PAUL VELASQUEZ, FAVIOLA            CASE NO. **C08-04592**
    ALVAREZ, MARCELO ALTAMIRANO,
14  JACKEY WILSON II, CARLOS           COMPLAINT
    MARTINEZ AND DIONICIO              CLASS / COLLECTIVE ACTION
15  MARTINEZ on behalf of themselves and
    all others similarly situated,         JURY TRIAL REQUESTED
16
                        Plaintiffs,
17
            v.
18
    HSBC FINANCE CORPORATION;
19  HOUSEHOLD FINANCE
    CORPORATION; BENEFICIAL
20  COMPANY LLC,

21                  Defendant.

22

23

24

25

26

27

28

CLASS/COLLECTIVE ACTION COMPLAINT

1  Paul Velasquez, Faviola Alvarez, Marcelo Altamirano, Jackey Wilson II, Carlos Martinez
2  and Dionicio Martinez (together, "Plaintiffs"), on behalf of themselves and all others similarly
3  situated, allege as follows:

4  ## INTRODUCTION

5  1.      Plaintiffs bring this action on behalf of themselves, and all other employees
6  similarly situated, to recover unpaid wages and overtime compensation pursuant to the Fair
7  Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act") and to
8  recover unpaid compensation pursuant to the California Labor Code, Industrial Welfare
9  Commission Wage Orders and the California Business & Professions Code (collectively the "CA
10 Labor Laws").

11 2.      As explained herein, under applicable employment laws, Account Executives
12 (defined below) are entitled to wages for all hours worked, including premium overtime
13 compensation. In short, if Account Executives work over forty hours per week, they are entitled
14 to overtime pay. Further, Plaintiffs and members of the CA Class (defined herein) are entitled to
15 premium overtime compensation for all hours worked in excess of eight (8) hours per day.

16 3.      This is a nationwide collective action on behalf of all current and former
17 "Account Executives," defined as: individuals who marketed and/or sold mortgages, insurance,
18 home-equity loans, auto loans and/or other financial products and services (collectively
19 "Financial Products"), who are, or were, employed by HSBC Finance Corporation ("HSBC
20 Finance"), Household Finance Corporation ("Household"), Beneficial Company ("Beneficial")
21 (collectively, "HSBC"), or any other parent, subsidiary, related, predecessor or successor
22 companies (collectively, the "Company") to recover unpaid wages and overtime compensation
23 pursuant to the FLSA.

24 4.      Further, Plaintiffs bring this action as a state-wide class action on behalf of all
25 current and former Account Executives within the State of California for all unpaid
26 compensation, including overtime and minimum wages, pursuant to the CA Labor Laws.

27 5.      Unless otherwise specified, Plaintiffs will refer to all defendants, including the
28 Company, collectively as "Defendant" and each allegation pertains to each Defendant.

CLASS/COLLECTIVE ACTION COMPLAINT                                             1

## SUMMARY OF CLAIMS

6.      Plaintiffs bring this suit on behalf of three classes of similarly situated persons composed of :

        a.      All current and former Account Executives employed by Defendant in the United States, excluding Account Executives employed by Decision One Mortgage Company, who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class"); and

        b.      All current and former Account Executives employed by Defendant in the State of California, excluding Account Executives employed by Decision One Mortgage Company, who are engaged in the business of originating and selling Financial Products (the "CA Class").

7.      The CA Class and Nationwide Collective Class are hereafter collectively referred to as the "Classes."

8.      Plaintiffs allege on behalf of the members of the Nationwide Collective Class who elect to opt-in to this action that they are: (i) entitled to unpaid wages from Defendant for hours worked for which they did not receive the mandatory minimum wage, as required by law; (ii) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

9.      Plaintiffs allege on behalf of the CA Class that Defendant violated the CA Labor Laws by, *inter alia*: (i) failing to provide the mandated minimum wage for all hours worked; (ii) failing to pay overtime at the rate of one and one-half times the employee's regular rate for all hours worked in excess of forty (40) hours in any given workweek, and/or in excess of eight (8) hours in a workday; (iii) failing to provide all required meal and rest breaks; and (iv) impermissibly deducting monies from their compensation.

10.     As a result of Defendant's violation of the FLSA and the CA Labor Laws, Plaintiffs and members of the Classes were illegally under-compensated for their work.

**FACTUAL ALLEGATIONS**

11.     Beneficial and Household are wholly-owned subsidiaries of HSBC Finance and operate as HSBC Finance's personal-lending business units.

12.     The policies and procedures relating to Account Executives for Beneficial and Household are established by HSBC Finance.  Account Executives can transfer between Beneficial and Household.

13.     The duties of Account Executives are set forth in uniform, company-wide policies and procedures promulgated by Defendant.

14.     Plaintiffs and the other similarly situated members of the Classes are or were engaged in the sale of Financial Products on behalf of Defendant, and regularly worked in excess of forty hours per workweek without receiving compensation for those hours, including any premium for overtime pay as required by law.

15.     The crux of federal and California state employment and labor laws is one simple proposition—employees are entitled to be paid for all hours worked.

16.     Indeed, unless proven to be exempt from the protection of minimum wage and overtime laws, all employees are entitled to receive the statutory minimum wage for all hours worked and premium overtime pay for work in excess of forty hours per week.

17.     Further, members of the CA Class are entitled to premium overtime pay for all hours worked in excess of eight (8) hours per workday.

18.     Due to the nature of the job responsibilities and requirements of Defendant, Account Executives, including Plaintiffs, regularly work more than 40 hours a week during the course of their employment with Defendant.

19.     Account Executives were not paid for all of their hours worked in excess of 40 hours a week.  Further, Plaintiffs and the members of the CA Class regularly worked in excess of 8 hours a day for which they did not receive overtime compensation, in violation of the CA Labor Laws.

20.     Although the FLSA and the CA Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

1    21.    First and foremost, Plaintiffs and members of the Classes are not administratively
2  exempt because, among other things, their primary duty is the sale of Financial Products.

3    22.    Likewise, Plaintiffs and members of the Classes do not qualify for the
4  professional exemption described in the Act, *see* 29 U.S.C. § 213, or under California law
5  because Account Executives are not employed in a *bona fide* professional capacity, requiring a
6  specific degree in a field of science or learning.

7    23.    Plaintiffs and members of the Classes do not qualify for the executive exemption
8  because they do not have the authority to hire or fire any of the employees working for
9  Defendant, nor are they responsible for managing the affairs of the Company.

10    24.    Lastly, Plaintiffs and members of the Classes are not exempt under the
11  commissioned sales exemption because this exemption is unavailable to Defendant due to the
12  fact that Defendant lacks a retail concept. Businesses that lack a retail concept under the FLSA
13  cannot claim the commissioned sales exemption.

14    25.    As such, Account Executives, including Plaintiffs and members of the Classes,
15  are not exempt from the requirements of minimum wage and premium overtime pay, and thus
16  have been wrongfully denied compensation for all hours worked, including hours in excess of 40
17  in a workweek, and/or in excess of eight (8) hours in a workday for members of the CA Class.

18    26.    In violation of the Act and the CA Labor Laws, Plaintiffs and the members of the
19  Classes have not been paid overtime compensation at a rate not less than one and one-half times
20  their regular rate of pay for work performed over the 40 hour work week, and/or in excess of
21  eight (8) hours in a workday.

22    27.    Plaintiffs allege on behalf of the members of the Classes that Defendant's failure
23  to pay all wages, including overtime, was knowing and willful. Accordingly, Plaintiffs and
24  members of the Classes are entitled to recover all wages due for overtime hours worked, for
25  which the appropriate compensation was not paid.

26    28.    Evidence reflecting the precise number of overtime hours worked by Plaintiffs
27  and every other member of the Classes, as well as the applicable compensation rates, is in the
28  possession of Defendant. If these records are unavailable, members of the Classes may establish

1 the hours they worked solely by their testimony and the burden of overcoming such testimony

2 shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

3    29.    Each of the foregoing acts is in contravention of applicable employment laws.

4    **JURISDICTION AND VENUE**

5    30.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28

6 U.S.C. §§ 1331.

7    31.    This Court has original jurisdiction over all claims in this action under the Class

8 Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action whereby: (i) the

9 proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members

10 of the proposed class, including Plaintiffs, have a different citizenship from Defendant; and (iii)

11 the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

12    32.    Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over

13 Plaintiffs' state law claims because those claims derive from a common nucleus of operative

14 facts.

15    33.    In addition, this Court is empowered to issue a declaratory judgment pursuant to

16 28 U.S.C. §§ 2201 and 2202.

17    34.    Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or

18 omissions giving rise to the claims alleged herein occurred within this judicial district, and the

19 Defendant is subject to personal jurisdiction in this district.

20    **PARTIES**

21    35.    Paul Velasquez is a resident of the State of Arizona who was employed by

22 Defendant in the State of California as an Account Executive during the statutory period covered

23 by this Complaint, who Defendant failed to compensate for all hours worked, including all hours

24 above and beyond the forty hour work week, and/or eight hours in a workday.

25    36.    Faviola Alvarez is a resident of the State of California employed by Defendant as

26 an Account Executive during the statutory period covered by this Complaint, who Defendant

27 failed to compensate for all hours worked, including all hours above and beyond the forty hour

28 work week, and/or eight hours in a workday.

1    37.    Marcelo Altamirano is a resident of the State of California employed by

2  Defendant as an Account Executive during the statutory period covered by this Complaint, who

3  Defendant failed to compensate for all hours worked, including all hours above and beyond the

4  forty hour work week, and/or eight hours in a workday.

5    38.    Jackey Wilson II is a resident of the State of California employed by Defendant as

6  an Account Executive during the statutory period covered by this Complaint, who Defendant

7  failed to compensate for all hours worked, including all hours above and beyond the forty hour

8  work week, and/or eight hours in a workday.

9    39.    Carlos Martinez is a resident of the State of California employed by Defendant as

10  an Account Executive during the statutory period covered by this Complaint, who Defendant

11  failed to compensate for all hours worked, including all hours above and beyond the forty hour

12  work week, and/or eight hours in a workday.

13    40.    Dionicio Martinez is a resident of the State of California employed by Defendant

14  as an Account Executive during the statutory period covered by this Complaint, who Defendant

15  failed to compensate for all hours worked, including all hours above and beyond the forty hour

16  work week, and/or eight hours in a workday.

17    41.    Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. §

18  216(b).

19    42.    Defendant HSBC Finance Corporation, a principal subsidiary of HSBC North

20  America, is a corporation formed under the laws of the State of Delaware, with its principal place

21  of business in Prospect Hills, Illinois.  HSBC Finance does business as a national provider of

22  Financial Products under the brand names of Household Finance and Beneficial, with offices

23  located nationwide.

24    43.    Defendant Beneficial is a wholly-owned subsidiary of HSBC Finance.  Defendant

25  Beneficial operates as the consumer lending division of HSBC Finance.

26    44.    Defendant Household is a wholly-owned subsidiary of HSBC Finance.

27  Defendant Household operates as the consumer lending division of HSBC Finance.

28

CLASS/COLLECTIVE ACTION COMPLAINT                                                6

1    45.    At all relevant times during the Class Period, Defendant has maintained offices
2  within the State of California and this district.  Defendant employs, upon information and belief,
3  hundreds of Account Executives in the State of California at any one time during the relevant
4  class period and believes the Nationwide Collective Class is significantly larger.

5                    **COLLECTIVE / CLASS ACTION ALLEGATIONS**

6    46.    Plaintiffs bring this action on behalf of the Nationwide Collective Class as a
7  collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of the CA
8  Class as a class action for claims under the CA Labor Laws pursuant to the Federal Rules of
9  Civil Procedure 23.

10    47.    The claims under the FLSA may be pursued by those who opt-in to this case
11  pursuant to 29 U.S.C. § 216(b).  The claims under the CA Labor Laws may be pursued by all
12  similarly-situated persons who choose not to opt-out of the CA Class, pursuant to the Federal
13  Rules of Civil Procedure 23.

14                    **Allegations Applicable To All Classes**

15    48.    The members of each of the Classes are so numerous that joinder of all members
16  is impracticable.  The exact number of the members of the Classes can be determined by
17  reviewing Defendant's records.  Plaintiffs are informed and believe and therefore allege that
18  there are hundreds of individuals in each class.

19    49.    Plaintiffs will fairly and adequately protect the interests of the Classes, and have
20  retained counsel that is experienced and competent in class action and employment litigation.
21  Plaintiffs have no interests that are contrary to, or in conflict with, members of the Classes.

22    50.    A class action/collective action suit, such as the instant one, is superior to other
23  available means for fair and efficient adjudication of this lawsuit.  The damages suffered by
24  individual members of the Classes may be relatively small when compared to the expense and
25  burden of litigation, making it virtually impossible for members of the Classes to individually
26  seek redress for the wrongs done to them.

27    51.    A class and collective action is, therefore, superior to other available methods for
28  the fair and efficient adjudication of the controversy.  Absent these actions, the members of the

1  Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of

2  its violations of the FLSA and applicable CA Labor Laws.

3      52.     Furthermore, even if any member of the Classes could afford individual litigation

4  against the Company, it would be unduly burdensome to the judicial system.  Concentrating this

5  litigation in one forum will promote judicial economy and parity among the claims of individual

6  members of the Classes and provide for judicial consistency.

7      53.     There is a well-defined community of interest in the questions of law and fact

8  affecting the Classes as a whole.  The questions of law and fact common to each of the Classes

9  predominate over any questions affecting solely individual members of the action.  Among the

10  common questions of law and fact are:

11          a.     Whether the Defendant employed the members of the Classes within the

12          meaning of the applicable statutes, including the FLSA;

13          b.     Whether Plaintiffs and members of the Classes regularly worked hours in

14          excess of forty (40) per week;

15          c.     Whether Defendant failed to pay Plaintiffs and members of the Classes for

16          all hours worked;

17          d.     Whether Defendant failed to provide Plaintiffs and members of the CA

18          Class all mandatory meal and rest breaks;

19          e.     Whether Defendant violated any other statutory provisions regarding

20          compensation due to Plaintiffs and members of the Classes; and

21          f.     Whether Plaintiffs and the Classes have sustained damages and, if so,

22          what is the proper measure of damages.

23      54.     Plaintiffs know of no difficulty that will be encountered in the management of this

24  litigation that would preclude its continued maintenance.

25          **Allegations Specific To The Nationwide Collective Class**

26      55.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a

27  collective action on behalf of:

28

CLASS/COLLECTIVE ACTION COMPLAINT                                                      8

> All persons, who: (i) are/were employed as Account Executives with the Company, excluding persons employed by Decision One Mortgage Company; (ii) are/were not paid the federal minimum wage for all hours worked; (iii) are/were not paid overtime compensation work performed beyond the forty (40) hour work week; and (iv) choose to opt-in to this action (the "Nationwide Collective Class").

56.     Notice of the pendency and any resolution of this action can be provided to Nationwide Collective Class by mail, print, and/or internet publication.

### Allegations Specific To The California Class Action

57.     Plaintiffs bring this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of themselves and the following persons similarly situated (the "CA Class"):

> All persons within the State of California who: (i) are/were employed as Account Executives with the Company, excluding persons employed by Decision Mortgage Company; (ii) are/were not paid for all hours worked in a given workweek; and (iii) are/were not paid premium overtime compensation at a rate not less than one and one-half times their regular rage for hours worked beyond the forty (40) hour work week, and/or eight (8) hours in a workday.

### COUNT ONE

58.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

59.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and each member of the Nationwide Collective Class within the meaning of the FLSA.

61.     As stated herein, Plaintiffs and members of the Nationwide Collective Class regularly and customarily worked in excess of forty hours a week without receiving compensation for those hours.

62.     Defendant has a policy and practice of refusing to pay overtime compensation to its Account Executives for the hours worked in excess of forty hours per week.

1   63.    Defendant's failure to pay Plaintiffs and all other members of the Nationwide

2   Collective Class for all hours worked in a given workweek, and failure to pay overtime

3   compensation at a rate not less than one and one-half times the rate at which they are employed

4   for work performed beyond the 40 hour workweek, is a violation of the FLSA, 29 U.S.C. §§ 206,

5   207.

6   64.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

7   within the meaning 29 U.S.C. § 255(a).

8   65.    Due to the Defendant's FLSA violations, Plaintiffs, on behalf of the members of

9   the Nationwide Collective Class, are entitled to recover from Defendant, their unpaid overtime

10  compensation, an additional amount equal as liquidated damages, additional liquidated damages

11  for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and

12  disbursements of this action, pursuant to 29 U.S.C. § 216(b).

13                                      **COUNT TWO**

14  66.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this

15  Complaint as if fully set forth herein.

16  67.    At all relevant times, Defendant has been and continue to be, an employer

17  engaged in interstate commerce and/or the production of goods for commerce, within the

18  meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19  68.    At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs

20  and each member of the Nationwide Collective Class within the meaning of the FLSA.

21  69.    As stated herein, Plaintiffs and members of the Nationwide Collective Class did

22  not receive compensation for all hours worked.

23  70.    Plaintiffs and members of the Nationwide Collective Class regularly and

24  customarily worked in excess of forty hours a week, without receiving compensation for those

25  hours.

26  71.    Pursuant to Section 16(c) of the Act, Plaintiffs and members of the Nationwide

27  Collective Class are entitled to their unpaid compensation and liquidated damages equal in

28  amount to their unpaid compensation for the hours worked in which they did not receive

CLASS/COLLECTIVE ACTION COMPLAINT                                              10

me

1 compensation equal to the federal minimum wage, in an amount to be proven at trial, together

2 with interest, costs, and reasonable attorney's fees.

3 **COUNT THREE**

4     72.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this

5 Complaint as if fully set forth herein.

6     73.    California Wage Order 4-2001, 8 C.C.R. Section 11000, states that an employer

7 shall pay to each employee a minimum wage for each hour worked, unless the employee falls

8 under an enumerated exemption.

9     74.    Pursuant to Defendant's employment policies, Plaintiffs and members of the CA

10 Class were not credited for all hours worked.

11     75.    Plaintiffs and members of the CA Class were not compensated at a rate of at least

12 equal to the California minimum wage for all hours worked.

13     76.    Pursuant to California Labor Code Section 1194, Plaintiffs and members of the

14 CA Class are entitled to recover their wages, plus interest, attorney's fees, and costs, in an

15 amount to be proven at trial.

16 **COUNT FOUR**

17     77.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this

18 Complaint as if fully set forth herein.

19     78.    Plaintiffs and members of the CA Class worked hours in excess of forty per week

20 and/or eight hours per day for which they did not receive premium compensation.

21     79.    California Wage Order 4-2001, 8 C.C.R. Section 11040 and Labor Code Section

22 510(a) state than an employee must be paid overtime, equal to one and one-half times the

23 employee's regular rate of pay, for all hours worked in excess of forty per week, and/or eight per

24 day, unless the employee falls under one of the enumerated exemptions.

25     80.    California Labor Code Section 510(a) further states that any work in excess of

26 twelve (12) in one day shall be compensated at a rate of no less than twice the employee's

27 regular rate of pay.

28

1    81.    Plaintiffs and the members of the CA Class do not fall under any of the

2  enumerated exemptions to the requirements for overtime compensation under the CA Labor

3  Laws.

4    82.    Pursuant to California Labor Code Section 1194, Plaintiffs and members of the

5  CA Class are entitled to recover their overtime wages, plus interest, attorney's fees and costs, in

6  amounts to be proven at trial.

7                              **COUNT FIVE**

8    83.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this

9  Complaint as if fully set forth herein.

10    84.    Labor Code Section 512(a) requires employers to provide employees with a meal

11  period of at least thirty (30) minutes per five (5) hours worked.

12    85.    Defendant failed to provide Plaintiffs and members of the CA Class with all meal

13  breaks required by Labor Code § 512(a). As a result, pursuant to Labor Code § 226.7, Plaintiffs

14  and members of the CA Class are entitled to one additional hour's pay for each day a meal break

15  was not provided, in an amount to be proven at trial.

16                              **COUNT SIX**

17    86.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this

18  Complaint as if fully set forth herein.

19    87.    Industrial Welfare Commission Wage Order 4, section 12 requires employers to

20  provide employees with a paid rest period of ten (10) minutes per four (4) hours worked.

21    88.    Defendant failed to provide Plaintiffs and members of the CA Class with all rest

22  breaks. As a result, pursuant to Labor Code section 226.7, Plaintiff and members of the CA

23  Class are entitled to one additional hour's pay for each day a rest break was not provided, in an

24  amount to be proven at trial.

25                              **COUNT SEVEN**

26    89.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this

27  Complaint as if fully set forth herein.

28

90.     Labor Code Sections 221 and 2802, as well as applicable state law, states that an employer may not improperly deduct from or remove an employee's wages for the purpose of recouping losses sustained from cancelled loan contracts in which the employee was involved.

91.     Specifically, Labor Code Section 221 states that it "shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

92.     Nevertheless, Defendant, pursuant to its Company-wide policy, inappropriately required Plaintiffs and members of the CA Class to bear all losses sustained from cancelled loan contracts in which Plaintiffs and members of the CA Class were involved.

93.     Further, Labor Code Section 2802 provides that an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

94.     While performing their job duties, Account Executives often had to drive between branches in their personal vehicles.  Account Executive were not reimbursed for these miles.

95.     Plaintiffs and members of the CA Class are entitled to recovery of such amounts, plus interest, attorney's fees and costs, in an amount to be proven at trial.

## COUNT EIGHT

96.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

97.     California Labor Code Section 201 requires Defendant to pay Plaintiffs and certain members of the CA Class whose employment with the Company was terminated, all wages due immediately upon discharge.  California Labor Code Section 202 requires Defendant to pay Plaintiffs and certain members of the CA Class who quit their employment with Defendant, all wages due within 72 hours from when the employees quit.  The identities of the members of the CA Class whose employment with the Company was terminated or who quit are easily ascertainable and identifiable through a review of Defendant's records.

1  98. Defendant, in violation of these sections, willfully and intentionally failed to pay
2 Plaintiffs and certain other members of the CA Class as identified above all wages due and owing
3 by the deadlines imposed under California Labor Code Sections 201 and 202.

4  99. Plaintiffs and certain other members of the CA Class did not secret or absent
5 themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant.

6  100. Accordingly, Plaintiffs and certain other members of the CA Class are entitled to
7 waiting time penalties of up to thirty (30) days' pay pursuant to California Labor Code Section
8 203, in an amount to be proven at trial. Defendant's liability for waiting time penalties begins on
9 the earliest date permitted by law.

10 **COUNT NINE**

11  101. Plaintiffs incorporate the allegations contained in the previous paragraphs of this
12 Complaint as if fully set forth herein.

13  102. As alleged herein, Defendant has committed an act of unfair competition under
14 Bus. & Prof. Code Section 17200 *et. seq.* by, *inter alia:* (i) failing to pay the minimum wage pay
15 for all hours worked; (ii) failing to pay premium compensation for all overtime hours worked;
16 (iii) failing to provide all required meal and rest breaks to Plaintiffs and members of the CA
17 Class; and (iv) improperly deducting amounts from the wages of Plaintiffs and members of the
18 CA Class.

19  103. Pursuant to Bus. & Prof. Code Section 17203, Plaintiffs request Defendant make
20 restitution of all unpaid compensation due to the CA Class, in an amount to be proven at trial.

21 **COUNT TEN**

22  104. Plaintiffs incorporate the allegations contained in the previous paragraphs of this
23 Complaint as if fully set forth herein.

24  105. Due to Defendant's employment policies whereby Plaintiffs and the members of
25 the Classes were not paid for all hours worked, Defendant failed to provide Plaintiffs and
26 members of the CA Class with accurate and detailed records of hours worked and wages earned
27 as required by California Labor Code Section 226(a). Accordingly, certain members of the CA
28 Class who were employed within one year prior to the time the original complaint in this action

1 was filed to the time this case is certified have been damaged by Defendant's failure to comply

2 with California Labor Code Section 226(a). The identities of the members of the CA Class who

3 were employed by the Company within one year prior to the filing of the original complaint in

4 this action to the time this case is certified are easily ascertainable and identifiable through a

5 review of Defendant's records.

6      106.    Therefore, Plaintiffs, on behalf of the CA Class, requests all such relief that this

7 Court deems appropriate pursuant to the CA Labor Laws.

8                              **PRAYER FOR RELIEF**

9      WHEREFORE, Plaintiffs pray for:

10     A.      A Declaration that Defendant has violated the FLSA and the CA Labor Laws and

11 other applicable employment laws;

12     B.      An Order designating the Nationwide Collective Class as a collective action and

13 issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with

14 instructions to permit them to assert timely FLSA claims in this action by filing individual

15 Consents to Sue pursuant to 29 U.S.C. § 216(b);

16     C.      An Order designating the CA Class as a class action pursuant to the Federal Rules

17 of Civil Procedure 23;

18     D.      An Order appointing Plaintiffs and their counsel to represent the Classes;

19     E.      Imposition of a Constructive Trust on any amount by which Defendant was

20 unjustly enriched at the expense of the Classes as the result of the actions described above;

21     F.      An Order enjoining Defendant from any further violations of the FLSA and the

22 CA Labor Laws;

23     G.      For compensatory and punitive damages and all other statutory remedies

24 permitted;

25     H.      Prejudgment interest;

26     I.      An Order for equitable restitution of all wages improperly withheld or deducted

27 by Defendant and all unreimbursed business expenses;

28     J.      An Order awarding attorneys' fees and costs; and

CLASS/COLLECTIVE ACTION COMPLAINT                                                    15

1    K.      For all other relief as the Court deems just.

2                                  **JURY DEMAND**

3    Plaintiffs hereby request a jury trial on all issues so triable.

4    Dated: October 2, 2008

                                     **SCHIFFRIN BARROWAY TOPAZ &**
5                                    **KESSLER, LLP**

6                                    By:_____/s/_____
                                         Alan R. Plutzik (Bar No. 077785)
7                                        L. Timothy Fisher (Bar No. 191626)
                                         2125 Oak Grove Road, Suite 120
8                                        Walnut Creek, CA  94598
                                         Telephone: (925) 945-0770
9                                        Facsimile: (925) 945-8792

10                                        -and-

11                                       Joseph H. Meltzer
                                         Gerald D. Wells, III
12                                       Robert J. Gray
                                         Nick S. Williams
13                                       280 King of Prussia Road
                                         Radnor, PA  19087
14                                       Telephone: (610) 667-7706
                                         Facsimile: (610) 667-7056

15                                       *Counsel for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS/COLLECTIVE ACTION COMPLAINT                                              16