**BARROWAY TOPAZ KESSLER**
    **MELTZER & CHECK, LLP**
Alan R. Plutzik (Bar No. 077785)
L. Timothy Fisher (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

        - and -

Joseph H. Meltzer
Gerald D. Wells, III
Robert J. Gray
Nick S. Williams
280 King of Prussia Road
 Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiffs*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL VELASQUEZ, FAVIOLA ALVAREZ, MARCELO ALTAMIRANO, JACKEY WILSON II, CARLOS MARTINEZ AND DIONICIO MARTINEZ on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>HSBC FINANCE CORPORATION; HOUSEHOLD FINANCE CORPORATION; BENEFICIAL COMPANY LLC,<br><br>          Defendant. | CASE NO. C08-04592 SC<br><br>AMENDED COMPLAINT<br>CLASS / COLLECTIVE ACTION[1]<br><br>JURY TRIAL REQUESTED |

---

[1] Pursuant to Stipulation and Court Order, entered November 17, 2008, Docket Entry No. 21, Plaintiffs file this Amended Complaint, whereby the phrase "original complaint" has been deleted from paragraph 105.  In all other respects this Complaint mirrors the initial Complaint.

CLASS/COLLECTIVE ACTION COMPLAINT

Paul Velasquez, Faviola Alvarez, Marcelo Altamirano, Jackey Wilson II, Carlos Martinez and Dionicio Martinez (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1.     Plaintiffs bring this action on behalf of themselves, and all other employees similarly situated, to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act") and to recover unpaid compensation pursuant to the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business & Professions Code (collectively the "CA Labor Laws").

2.     As explained herein, under applicable employment laws, Account Executives (defined below) are entitled to wages for all hours worked, including premium overtime compensation.  In short, if Account Executives work over forty hours per week, they are entitled to overtime pay.  Further, Plaintiffs and members of the CA Class (defined herein) are entitled to premium overtime compensation for all hours worked in excess of eight (8) hours per day.

3.     This is a nationwide collective action on behalf of all current and former "Account Executives," defined as: individuals who marketed and/or sold mortgages, insurance, home-equity loans, auto loans and/or other financial products and services (collectively "Financial Products"), who are, or were, employed by HSBC Finance Corporation ("HSBC Finance"), Household Finance Corporation ("Household"), Beneficial Company ("Beneficial") (collectively, "HSBC"), or any other parent, subsidiary, related, predecessor or successor companies (collectively, the "Company") to recover unpaid wages and overtime compensation pursuant to the FLSA.

4.     Further, Plaintiffs bring this action as a state-wide class action on behalf of all current and former Account Executives within the State of California for all unpaid compensation, including overtime and minimum wages, pursuant to the CA Labor Laws.

5.     Unless otherwise specified, Plaintiffs will refer to all defendants, including the Company, collectively as "Defendant" and each allegation pertains to each Defendant.

CLASS/COLLECTIVE ACTION COMPLAINT

1

## SUMMARY OF CLAIMS

2      6.      Plaintiffs bring this suit on behalf of three classes of similarly situated persons

3  composed of :

4              a.      All current and former Account Executives employed by Defendant in the

5              United States, excluding Account Executives employed by Decision One

6              Mortgage Company, who elect to opt-in to this action pursuant to the FLSA, 29

7              U.S.C. § 216(b) ("Nationwide Collective Class"); and

8              b.       All current and former Account Executives employed by Defendant in the

9              State of California, excluding Account Executives employed by Decision One

10             Mortgage Company, who are engaged in the business of originating and selling

11             Financial Products (the "CA Class").

12     7.      The CA Class and Nationwide Collective Class are hereafter collectively referred

13  to as the "Classes."

14     8.      Plaintiffs allege on behalf of the members of the Nationwide Collective Class who

15  elect to opt-in to this action that they are: (i) entitled to unpaid wages from Defendant for hours

16  worked for which they did not receive the mandatory minimum wage, as required by law; (ii)

17  entitled to unpaid wages from Defendant for overtime work for which they did not receive

18  overtime premium pay, as required by law; and (iii) entitled to liquidated damages pursuant to

19  the FLSA, 29 U.S.C. § 201 *et seq.*

20     9.      Plaintiffs allege on behalf of the CA Class that Defendant violated the CA Labor

21  Laws by, *inter alia*:  (i) failing to provide the mandated minimum wage for all hours worked; (ii)

22  failing to pay overtime at the rate of one and one-half times the employee's regular rate for all

23  hours worked in excess of forty (40) hours in any given workweek, and/or in excess of eight (8)

24  hours in a workday;  (iii) failing to provide all required meal and rest breaks; and (iv)

25  impermissibly deducting monies from their compensation.

26     10.     As a result of Defendant's violation of the FLSA and the CA Labor Laws,

27  Plaintiffs and members of the Classes were illegally under-compensated for their work.

28

## FACTUAL ALLEGATIONS

11.     Beneficial and Household are wholly-owned subsidiaries of HSBC Finance and operate as HSBC Finance's personal-lending business units.

12.     The policies and procedures relating to Account Executives for Beneficial and Household are established by HSBC Finance.  Account Executives can transfer between Beneficial and Household.

13.     The duties of Account Executives are set forth in uniform, company-wide policies and procedures promulgated by Defendant.

14.     Plaintiffs and the other similarly situated members of the Classes are or were engaged in the sale of Financial Products on behalf of Defendant, and regularly worked in excess of forty hours per workweek without receiving compensation for those hours, including any premium for overtime pay as required by law.

15.     The crux of federal and California state employment and labor laws is one simple proposition—employees are entitled to be paid for all hours worked.

16.     Indeed, unless proven to be exempt from the protection of minimum wage and overtime laws, all employees are entitled to receive the statutory minimum wage for all hours worked and premium overtime pay for work in excess of forty hours per week.

17.     Further, members of the CA Class are entitled to premium overtime pay for all hours worked in excess of eight (8) hours per workday.

18.     Due to the nature of the job responsibilities and requirements of Defendant, Account Executives, including Plaintiffs, regularly work more than 40 hours a week during the course of their employment with Defendant.

19.     Account Executives were not paid for all of their hours worked in excess of 40 hours a week.  Further, Plaintiffs and the members of the CA Class regularly worked in excess of 8 hours a day for which they did not receive overtime compensation, in violation of the CA Labor Laws.

20.     Although the FLSA and the CA Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

1    21.    First and foremost, Plaintiffs and members of the Classes are not administratively

2    exempt because, among other things, their primary duty is the sale of Financial Products.

3    22.    Likewise, Plaintiffs and members of the Classes do not qualify for the

4    professional exemption described in the Act, *see* 29 U.S.C. § 213, or under California law

5    because Account Executives are not employed in a *bona fide* professional capacity, requiring a

6    specific degree in a field of science or learning.

7    23.    Plaintiffs and members of the Classes do not qualify for the executive exemption

8    because they do not have the authority to hire or fire any of the employees working for

9    Defendant, nor are they responsible for managing the affairs of the Company.

10    24.    Lastly, Plaintiffs and members of the Classes are not exempt under the

11    commissioned sales exemption because this exemption is unavailable to Defendant due to the

12    fact that Defendant lacks a retail concept.  Businesses that lack a retail concept under the FLSA

13    cannot claim the commissioned sales exemption.

14    25.    As such, Account Executives, including Plaintiffs and members of the Classes,

15    are not exempt from the requirements of minimum wage and premium overtime pay, and thus

16    have been wrongfully denied compensation for all hours worked, including hours in excess of 40

17    in a workweek, and/or in excess of eight (8) hours in a workday for members of the CA Class.

18    26.    In violation of the Act and the CA Labor Laws, Plaintiffs and the members of the

19    Classes have not been paid overtime compensation at a rate not less than one and one-half times

20    their regular rate of pay for work performed over the 40 hour work week, and/or in excess of

21    eight (8) hours in a workday.

22    27.    Plaintiffs allege on behalf of the members of the Classes that Defendant's failure

23    to pay all wages, including overtime, was knowing and willful.  Accordingly, Plaintiffs and

24    members of the Classes are entitled to recover all wages due for overtime hours worked, for

25    which the appropriate compensation was not paid.

26    28.    Evidence reflecting the precise number of overtime hours worked by Plaintiffs

27    and every other member of the Classes, as well as the applicable compensation rates, is in the

28    possession of Defendant.  If these records are unavailable, members of the Classes may establish

1   the hours they worked solely by their testimony and the burden of overcoming such testimony

2   shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

3        29.    Each of the foregoing acts is in contravention of applicable employment laws.

4

5

6                        **JURISDICTION AND VENUE**

7        30.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28

8   U.S.C. §§ 1331.

9        31.    This Court has original jurisdiction over all claims in this action under the Class

10  Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action whereby: (i) the

11  proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members

12  of the proposed class, including Plaintiffs, have a different citizenship from Defendant; and (iii)

13  the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

14       32.    Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over

15  Plaintiffs' state law claims because those claims derive from a common nucleus of operative

16  facts.

17       33.    In addition, this Court is empowered to issue a declaratory judgment pursuant to

18  28 U.S.C. §§ 2201 and 2202.

19       34.    Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or

20  omissions giving rise to the claims alleged herein occurred within this judicial district, and the

21  Defendant is subject to personal jurisdiction in this district.

22                            **PARTIES**

23       35.    Paul Velasquez is a resident of the State of California employed by Defendant as

24  an Account Executive during the statutory period covered by this Complaint, who Defendant

25  failed to compensate for all hours worked, including all hours above and beyond the forty hour

26  work week, and/or eight hours in a workday.

27       36.    Faviola Alvarez is a resident of the State of California employed by Defendant as

28  an Account Executive during the statutory period covered by this Complaint, who Defendant

1  failed to compensate for all hours worked, including all hours above and beyond the forty hour

2  work week, and/or eight hours in a workday.

3      37.    Marcelo Altamirano is a resident of the State of California employed by

4  Defendant as an Account Executive during the statutory period covered by this Complaint, who

5  Defendant failed to compensate for all hours worked, including all hours above and beyond the

6  forty hour work week, and/or eight hours in a workday.

7      38.    Jackey Wilson II is a resident of the State of California employed by Defendant as

8  an Account Executive during the statutory period covered by this Complaint, who Defendant

9  failed to compensate for all hours worked, including all hours above and beyond the forty hour

10  work week, and/or eight hours in a workday.

11      39.    Carlos Martinez is a resident of the State of California employed by Defendant as

12  an Account Executive during the statutory period covered by this Complaint, who Defendant

13  failed to compensate for all hours worked, including all hours above and beyond the forty hour

14  work week, and/or eight hours in a workday.

15      40.    Dionicio Martinez is a resident of the State of California employed by Defendant

16  as an Account Executive during the statutory period covered by this Complaint, who Defendant

17  failed to compensate for all hours worked, including all hours above and beyond the forty hour

18  work week, and/or eight hours in a workday.

19      41.    Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. §

20  216(b).

21      42.    Defendant HSBC Finance Corporation, a principal subsidiary of HSBC North

22  America, is a corporation formed under the laws of the State of Delaware, with its principal place

23  of business in Prospect Hills, Illinois.  HSBC Finance does business as a national provider of

24  Financial Products under the brand names of Household Finance and Beneficial, with offices

25  located nationwide.

26      43.    Defendant Beneficial is a wholly-owned subsidiary of HSBC Finance.  Defendant

27  Beneficial operates as the consumer lending division of HSBC Finance.

28

1     44.     Defendant Household is a wholly-owned subsidiary of HSBC Finance.

2 Defendant Household operates as the consumer lending division of HSBC Finance.

3     45.     At all relevant times during the Class Period, Defendant has maintained offices

4 within the State of California and this district.  Defendant employs, upon information and belief,

5 hundreds of Account Executives in the State of California at any one time during the relevant

6 class period and believes the Nationwide Collective Class is significantly larger.

7 **COLLECTIVE / CLASS ACTION ALLEGATIONS**

8     46.     Plaintiffs bring this action on behalf of the Nationwide Collective Class as a

9 collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of the CA

10 Class as a class action for claims under the CA Labor Laws pursuant to the Federal Rules of

11 Civil Procedure 23.

12     47.     The claims under the FLSA may be pursued by those who opt-in to this case

13 pursuant to 29 U.S.C. § 216(b).  The claims under the CA Labor Laws may be pursued by all

14 similarly-situated persons who choose not to opt-out of the CA Class, pursuant to the Federal

15 Rules of Civil Procedure 23.

16 **Allegations Applicable To All Classes**

17     48.     The members of each of the Classes are so numerous that joinder of all members

18 is impracticable.  The exact number of the members of the Classes can be determined by

19 reviewing Defendant's records.  Plaintiffs are informed and believe and therefore allege that

20 there are hundreds of individuals in each class.

21     49.     Plaintiffs will fairly and adequately protect the interests of the Classes, and have

22 retained counsel that is experienced and competent in class action and employment litigation.

23 Plaintiffs have no interests that are contrary to, or in conflict with, members of the Classes.

24     50.     A class action/collective action suit, such as the instant one, is superior to other

25 available means for fair and efficient adjudication of this lawsuit.  The damages suffered by

26 individual members of the Classes may be relatively small when compared to the expense and

27 burden of litigation, making it virtually impossible for members of the Classes to individually

28 seek redress for the wrongs done to them.

1    51.    A class and collective action is, therefore, superior to other available methods for

2    the fair and efficient adjudication of the controversy.  Absent these actions, the members of the

3    Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of

4    its violations of the FLSA and applicable CA Labor Laws.

5    52.    Furthermore, even if any member of the Classes could afford individual litigation

6    against the Company, it would be unduly burdensome to the judicial system.  Concentrating this

7    litigation in one forum will promote judicial economy and parity among the claims of individual

8    members of the Classes and provide for judicial consistency.

9    53.    There is a well-defined community of interest in the questions of law and fact

10   affecting the Classes as a whole.  The questions of law and fact common to each of the Classes

11   predominate over any questions affecting solely individual members of the action.  Among the

12   common questions of law and fact are:

13          a.    Whether the Defendant employed the members of the Classes within the

14               meaning of the applicable statutes, including the FLSA;

15          b.    Whether Plaintiffs and members of the Classes regularly worked hours in

16               excess of forty (40) per week;

17          c.    Whether Defendant failed to pay Plaintiffs and members of the Classes for

18               all hours worked;

19          d.    Whether Defendant failed to provide Plaintiffs and members of the CA

20               Class all mandatory meal and rest breaks;

21          e.    Whether Defendant violated any other statutory provisions regarding

22               compensation due to Plaintiffs and members of the Classes; and

23          f.    Whether Plaintiffs and the Classes have sustained damages and, if so,

24               what is the proper measure of damages.

25   54.    Plaintiffs know of no difficulty that will be encountered in the management of this

26   litigation that would preclude its continued maintenance.

27                    **Allegations Specific To The Nationwide Collective Class**

28

---

CLASS/COLLECTIVE ACTION COMPLAINT                                          9

55.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of:

> All persons, who: (i) are/were employed as Account Executives with the Company, excluding persons employed by Decision One Mortgage Company; (ii) are/were not paid the federal minimum wage for all hours worked; (iii) are/were not paid overtime compensation work performed beyond the forty (40) hour work week; and (iv) choose to opt-in to this action (the "Nationwide Collective Class").

56.     Notice of the pendency and any resolution of this action can be provided to Nationwide Collective Class by mail, print, and/or internet publication.

### Allegations Specific To The California Class Action

57.     Plaintiffs bring this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of themselves and the following persons similarly situated (the "CA Class"):

> All persons within the State of California who: (i) are/were employed as Account Executives with the Company, excluding persons employed by Decision Mortgage Company; (ii) are/were not paid for all hours worked in a given workweek; and (iii) are/were not paid premium overtime compensation at a rate not less than one and one-half times their regular rage for hours worked beyond the forty (40) hour work week, and/or eight (8) hours in a workday.

### COUNT ONE

58.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

59.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and each member of the Nationwide Collective Class within the meaning of the FLSA.

61.     As stated herein, Plaintiffs and members of the Nationwide Collective Class regularly and customarily worked in excess of forty hours a week without receiving compensation for those hours.

62.     Defendant has a policy and practice of refusing to pay overtime compensation to its Account Executives for the hours worked in excess of forty hours per week.

63.     Defendant's failure to pay Plaintiffs and all other members of the Nationwide Collective Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the 40 hour workweek, is a violation of the FLSA, 29 U.S.C. §§ 206, 207.

64.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

65.     Due to the Defendant's FLSA violations, Plaintiffs, on behalf of the members of the Nationwide Collective Class, are entitled to recover from Defendant, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **COUNT TWO**

66.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

67.     At all relevant times, Defendant has been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

68.     At all relevant times, Defendant employed, and/or continues to employ, Plaintiffs and each member of the Nationwide Collective Class within the meaning of the FLSA.

69.     As stated herein, Plaintiffs and members of the Nationwide Collective Class did not receive compensation for all hours worked.

70.     Plaintiffs and members of the Nationwide Collective Class regularly and customarily worked in excess of forty hours a week, without receiving compensation for those hours.

71.     Pursuant to Section 16(c) of the Act, Plaintiffs and members of the Nationwide Collective Class are entitled to their unpaid compensation and liquidated damages equal in amount to their unpaid compensation for the hours worked in which they did not receive compensation equal to the federal minimum wage, in an amount to be proven at trial, together with interest, costs, and reasonable attorney's fees.

**COUNT THREE**

72.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

73.     California Wage Order 4-2001, 8 C.C.R. Section 11000, states that an employer shall pay to each employee a minimum wage for each hour worked, unless the employee falls under an enumerated exemption.

74.     Pursuant to Defendant's employment policies, Plaintiffs and members of the CA Class were not credited for all hours worked.

75.     Plaintiffs and members of the CA Class were not compensated at a rate of at least equal to the California minimum wage for all hours worked.

76.     Pursuant to California Labor Code Section 1194, Plaintiffs and members of the CA Class are entitled to recover their wages, plus interest, attorney's fees, and costs, in an amount to be proven at trial.

**COUNT FOUR**

77.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

78.     Plaintiffs and members of the CA Class worked hours in excess of forty per week and/or eight hours per day for which they did not receive premium compensation.

79.     California Wage Order 4-2001, 8 C.C.R. Section 11040 and Labor Code Section 510(a) state than an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week, and/or eight per day, unless the employee falls under one of the enumerated exemptions.

80.     California Labor Code Section 510(a) further states that any work in excess of twelve (12) in one day shall be compensated at a rate of no less than twice the employee's regular rate of pay.

81.     Plaintiffs and the members of the CA Class do not fall under any of the enumerated exemptions to the requirements for overtime compensation under the CA Labor Laws.

82.     Pursuant to California Labor Code Section 1194, Plaintiffs and members of the CA Class are entitled to recover their overtime wages, plus interest, attorney's fees and costs, in amounts to be proven at trial.

## COUNT FIVE

83.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

84.     Labor Code Section 512(a) requires employers to provide employees with a meal period of at least thirty (30) minutes per five (5) hours worked.

85.     Defendant failed to provide Plaintiffs and members of the CA Class with all meal breaks required by Labor Code § 512(a).  As a result, pursuant to Labor Code § 226.7, Plaintiffs and members of the CA Class are entitled to one additional hour's pay for each day a meal break was not provided, in an amount to be proven at trial.

## COUNT SIX

86.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

87.     Industrial Welfare Commission Wage Order 4, section 12 requires employers to provide employees with a paid rest period of ten (10) minutes per four (4) hours worked.

88.     Defendant failed to provide Plaintiffs and members of the CA Class with all rest breaks.  As a result, pursuant to Labor Code section 226.7, Plaintiff and members of the CA Class are entitled to one additional hour's pay for each day a rest break was not provided, in an amount to be proven at trial.

## COUNT SEVEN

89.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

90.     Labor Code Sections 221 and 2802, as well as applicable state law, states that an employer may not improperly deduct from or remove an employee's wages for the purpose of recouping losses sustained from cancelled loan contracts in which the employee was involved.

91.     Specifically, Labor Code Section 221 states that it "shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

92.      Nevertheless, Defendant, pursuant to its Company-wide policy, inappropriately required Plaintiffs and members of the CA Class to bear all losses sustained from cancelled loan contracts in which Plaintiffs and members of the CA Class were involved.

93.     Further, Labor Code Section 2802 provides that an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

94.     While performing their job duties, Account Executives often had to drive between branches in their personal vehicles.  Account Executive were not reimbursed for these miles.

95.     Plaintiffs and members of the CA Class are entitled to recovery of such amounts, plus interest, attorney's fees and costs, in an amount to be proven at trial.

## **COUNT EIGHT**

96.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

97.     California Labor Code Section 201 requires Defendant to pay Plaintiffs and certain members of the CA Class whose employment with the Company was terminated, all wages due immediately upon discharge.  California Labor Code Section 202 requires Defendant to pay Plaintiffs and certain members of the CA Class who quit their employment with Defendant, all wages due within 72 hours from when the employees quit.  The identities of the members of the CA Class whose employment with the Company was terminated or who quit are easily ascertainable and identifiable through a review of Defendant's records.

98.     Defendant, in violation of these sections, willfully and intentionally failed to pay Plaintiffs and certain other members of the CA Class as identified above all wages due and owing by the deadlines imposed under California Labor Code Sections 201 and 202.

99.     Plaintiffs and certain other members of the CA Class did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant.

100.     Accordingly, Plaintiffs and certain other members of the CA Class are entitled to waiting time penalties of up to thirty (30) days' pay pursuant to California Labor Code Section 203, in an amount to be proven at trial.  Defendant's liability for waiting time penalties begins on the earliest date permitted by law.

<b><u>COUNT NINE</u></b>

101.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

102.     As alleged herein, Defendant has committed an act of unfair competition under Bus. & Prof. Code Section 17200 *et. seq.* by, *inter alia:* (i) failing to pay the minimum wage pay for all hours worked; (ii) failing to pay premium compensation for all overtime hours worked; (iii) failing to provide all required meal and rest breaks to Plaintiffs and members of the CA Class; and (iv) improperly deducting amounts from the wages of Plaintiffs and members of the CA Class.

103.     Pursuant to Bus. & Prof. Code Section 17203, Plaintiffs request Defendant make restitution of all unpaid compensation due to the CA Class, in an amount to be proven at trial.

<b><u>COUNT TEN</u></b>

104.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

105.     Due to Defendant's employment policies whereby Plaintiffs and the members of the Classes were not paid for all hours worked, Defendant failed to provide Plaintiffs and members of the CA Class with accurate and detailed records of hours worked and wages earned as required by California Labor Code Section 226(a).  Accordingly, certain members of the CA Class who were employed within one year prior to the time this action was filed to the time this

1   case is certified have been damaged by Defendant's failure to comply with California Labor

2   Code Section 226(a).  The identities of the members of the CA Class who were employed by the

3   Company within one year prior to the filing of this action to the time this case is certified are

4   easily ascertainable and identifiable through a review of Defendant's records.

5          106.    Therefore, Plaintiffs, on behalf of the CA Class, requests all such relief that this

6   Court deems appropriate pursuant to the CA Labor Laws.

7                                   **PRAYER FOR RELIEF**

8          WHEREFORE, Plaintiffs pray for:

9          A.      A Declaration that Defendant has violated the FLSA and the CA Labor Laws and

10  other applicable employment laws;

11         B.      An Order designating the Nationwide Collective Class as a collective action and

12  issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with

13  instructions to permit them to assert timely FLSA claims in this action by filing individual

14  Consents to Sue pursuant to 29 U.S.C. § 216(b);

15         C.      An Order designating the CA Class as a class action pursuant to the Federal Rules

16  of Civil Procedure 23;

17         D.      An Order appointing Plaintiffs and their counsel to represent the Classes;

18         E.      Imposition of a Constructive Trust on any amount by which Defendant was

19  unjustly enriched at the expense of the Classes as the result of the actions described above;

20         F.      An Order enjoining Defendant from any further violations of the FLSA and the

21  CA Labor Laws;

22         G.      For compensatory and punitive damages and all other statutory remedies

23  permitted;

24         H.      Prejudgment interest;

25         I.      An Order for equitable restitution of all wages improperly withheld or deducted

26  by Defendant and all unreimbursed business expenses;

27         J.      An Order awarding attorneys' fees and costs; and

28         K.      For all other relief as the Court deems just.

1

## JURY DEMAND

2    Plaintiffs hereby request a jury trial on all issues so triable.

3    Dated: November 16, 2008

4                                    **BARROWAY TOPAZ KESSLER MELTZER &**
                                     **CHECK, LLP**

5
                                     By: _____/s/_____
6                                         Alan R. Plutzik
                                          L. Timothy Fisher
7                                         2125 Oak Grove Road, Suite 120
                                          Walnut Creek, CA  94598
8                                         Telephone: (925) 945-0770
                                          Facsimile: (925) 945-8792
9
                                              -and-
10
                                          Joseph H. Meltzer
11                                        Gerald D. Wells, III
                                          Robert J. Gray
12                                        Nick S. Williams
                                          280 King of Prussia Road
13                                        Radnor, PA  19087
                                          Telephone: (610) 667-7706
14                                        Facsimile: (610) 667-7056
15
16                                        *Counsel for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28

---

CLASS/COLLECTIVE ACTION COMPLAINT                                                17