UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL VELASQUEZ, FAVIOLA ALVAREZ, MARCELO ALTAMIRANO, JACKEY WILSON II, CARLOS MARTINEZ AND DIONICIO MARTINEZ, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>HSBC FINANCE CORPORATION; HOUSEHOLD FINANCE CORPORATION; BENEFICIAL COMPANY, LLC,<br><br>        Defendant. | Case No. 08-4592 SC<br><br>ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS AND CLASS <u>DEFINITIONS</u> |

I.  **INTRODUCTION**

This matter comes before the Court on the Motion for a More Definite Statement or, in the Alternative, to Strike Class Allegations and Class Definitions ("Motion") filed by Defendants HSBC Finance Corporation, Household Finance Corporation, and Beneficial Company, LLC ("Defendants").  Docket No. 26. Plaintiffs Paul Velasquez, Faviola Alvarez, Marcelo Altamirano, Jackey Wilson II, Carlos Martinez, and Dionicio Martinez ("Plaintiffs") filed an Opposition.  Docket No. 29.  Defendants submitted a Reply.  Docket No. 30.  For the reasons stated herein, the Defendants' Motion is DENIED.

**II.  BACKGROUND**

On November 18, 2008, Plaintiffs, on behalf of themselves and all others similarly situated, filed an Amended Complaint. Am. Compl., Docket No. 22. It contains ten counts, including (1) failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; (2) failure to pay the federal minimum wage in violation of the FLSA; (3) failure to pay the California minimum wage in violation of Cal. Code Regs. tit. 8, § 11000; and (4) failure to pay overtime compensation in violation of Cal. Code Regs. tit. 8, § 11040, and Cal. Labor Code § 510(a). Id. ¶¶ 58-82. On December 3, 2008, Defendants moved for a more definite statement under Federal Rule of Civil Procedure 12(e), or, alternatively, to strike portions of the Amended Complaint under Federal Rule of Civil Procedure 12(f). Mot. at 2.

**III. LEGAL STANDARD**

    **A.    Motion for a More Definite Statement**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules. Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A Rule 12(e) motion is not a substitute for discovery; such a motion attacks unintelligibility in a pleading, not mere lack of detail. Wood v.

2

Apodaca, 375 F. Supp. 2d 942, 949 (N.D. Cal. 2005). If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied. Beery v. Hitatchi Home Elecs. (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).

A motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a). Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). This rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

### B. Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Rule 12(f) motions are disfavored because of the limited importance of pleading in federal practice. In re Wal-Mart Stores, Inc. Wage and Hour Litigation, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

## IV. DISCUSSION

### A. Defendants' Motion for a More Definite Statement

Defendants move for a more definite statement regarding

3

1  Plaintiffs' claims for failure to pay overtime compensation.[1]
2  Defendants point out that they cannot determine from the face of
3  the Amended Complaint whether Plaintiffs are claiming they are
4  entitled to overtime compensation because they were mis-classified
5  as exempt, or because they worked off-the-clock.  Mot. at 5.
6  Without more detailed information concerning the basis for
7  Plaintiffs' claims for overtime compensation, Defendants contend
8  that they cannot frame a responsive pleading.  Id. at 4.

9      Defendants rely on Bell Atlantic Corp. v. Twombly, 127 S. Ct.
10 1955 (2007), to argue that Plaintiffs are required to provide the
11 grounds of their entitlement to relief.  Mot. at 6.  However,
12 Twombly did not alter Rule 8(a)'s requirement of a short and plain
13 statement that gives "the defendant fair notice of what the . . .
14 claim is and the grounds upon which it rests."  See Swierkiewicz
15 v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v.
16 Gibson, 355 U.S. 41, 47, (1957)).

17     The requirements to state a cause of action for overtime
18 compensation under federal and California law are straightforward.
19 Section 207(a) of the FLSA provides that "no employer shall employ
20 any of his employees . . . for a workweek longer than forty hours

---

[1] Defendants assert that "Counts One through Four of the FAC purport to allege claims for unpaid overtime."  Mot. at 4. However, only Count One and Count Four allege claims for unpaid overtime.  Am. Compl. ¶¶ 58-65; ¶¶ 77-82.  Count Two alleges a claim for failure to pay the federal minimum wage.  Id. ¶¶ 66-71. Count Three alleges a claim for failure to pay the California minimum wage.  Id. ¶¶ 72-76.  Defendants' Motion does not raise any concerns regarding the claims for failure to pay the required minimum wage.  Hence, the Court assumes Defendants are moving for a more definite statement regarding Count One and Count Four of the Amended Complaint.

1  unless such employee receives compensation for his employment in
2  excess of the hours above specified at a rate not less than one
3  and one-half times the regular rate at which he is employed."  29
4  U.S.C. § 207(a).  Section 510(a) of the California Labor Code
5  provides that "[a]ny work in excess of eight hours in one workday
6  and any work in excess of 40 hours in any one workweek and the
7  first eight hours worked on the seventh day of work in any one
8  workweek shall be compensated at the rate of no less than one and
9  one-half times the regular rate of pay for an employee."  Cal.
10 Labor Code § 510(a).  Title 8, Section 11040 of the California
11 Code of Regulations prohibits employees from working more than
12 eight hours per workday or forty hours per workweek unless they
13 are paid overtime for all hours worked over forty hours in the
14 workweek.  Cal. Code Regs. tit. 8, § 11040(3)(A)(1).

15   Plaintiffs' Amended Complaint gives the Defendants fair
16 notice of Plaintiffs' claims for failure to pay overtime
17 compensation and the grounds upon which those claims rest.  Count
18 One states a claim for failure to pay overtime compensation in
19 violation of the FLSA.  See Am. Compl. ¶¶ 58-65; see also 29
20 U.S.C. § 207(a).  Count Four states a claim for failure to pay
21 overtime compensation in violation of California labor law.  See
22 Am. Comp. ¶¶ 77-82; see also Cal. Code Regs. tit. 8, §
23 11040(3)(A)(1); Cal. Labor Code § 510(a).  Plaintiffs allege that
24 "Account Executives" employed by Defendants regularly worked in
25 excess of forty hours per workweek and/or eight hours per day
26 without receiving overtime compensation for those hours.  Am.
27 Compl. ¶¶ 3, 4, 14, 19, 26.  Plaintiffs allege that Defendants

5

knowingly and willfully failed to pay them overtime compensation. Id. ¶ 27. Plaintiffs describe the manner of the failure to pay overtime by alleging that Defendants had a policy and practice of refusing to pay overtime compensation to their Account Executives. Id. ¶ 62. Plaintiffs also allege that Account Executives were not exempt from coverage under these laws. Id. at ¶¶ 21-25.

The FLSA does not require Plaintiffs to allege that they were mis-classified as exempt, or that they worked off-the-clock. In Chao v. Rivendell Woods, Inc., the Fourth Circuit determined that a claim for overtime compensation under the FLSA met the requirements of Rule 8 where the amended complaint identified the employer, identified the employees by job title, and described the manner of FLSA violations by alleging that the employer compensated the employees based on a "formula" which did not compensate them at rates not less than one and one-half their regular rate for hours worked in excess of forty hours in a workweek. 415 F.3d 342, 348 (4th Cir. 2005).[2] Similarly, here, the Amended Complaint identifies the employers, identifies the employees as "Account Executives," and describes the manner of the overtime violation by stating that Defendants had a policy and practice of refusing to pay overtime compensation to its Account

---

[2] The Fourth Circuit's opinion merely states that the amended complaint described the manner of the FLSA violations. The Appellate Briefs clarify that the allegation in the amended complaint was that the employer compensated the employees based on a formula which did not compensate such employees at rates not less than one and one-half their regular rate for hours worked in excess of forty hours. See Brief for the Secretary of Labor, No. 04-2330, 2005 WL 882170, at *7 (Jan. 18, 2005); see also Brief of Appellees, No. 04-2330, 2005 WL 882169, at *7 (Feb. 22, 2005).

6

Executives. Am. Compl. ¶¶ 3, 4, 14, 19, 26, 27, 62. As such, Count One of the Amended Complaint meets Rule 8's requirement of a short and plain statement showing that Plaintiffs are entitled to relief.

California law does not require Plaintiffs to allege that they were mis-classified as exempt, or that they worked off-the-clock. In <u>Whiteway v. FedEx Kinko's Office and Print Services, Inc.</u>, the Court determined that once plaintiffs had alleged activity showing a violation of California's labor laws, the plaintiffs were not required to more particularly identify <u>how</u> that activity occurred. No. 05-2320, 2005 WL 3095864, at *2 (N.D. Cal. Nov. 14, 2005). Here, Plaintiffs allege that Defendants had a policy and practice of refusing to pay overtime compensation to Account Executives. Am. Compl. ¶ 62. Under notice pleading standards, Plaintiffs are not required to more particularly identify <u>how</u> Defendants refused to pay overtime compensation.

Plaintiffs' overtime compensation claims are intelligible, and the Court is convinced Defendants can frame a responsive pleading to the allegations. Defendants' real concern is not unintelligibility, but rather a lack of detail in the Amended Complaint. To the extent that Defendants want more detailed information about how the alleged failure to pay overtime compensation occurred, Defendants can obtain this information by taking deposition testimony. A Rule 12(e) motion should not be used as a substitute for discovery. <u>Wood</u>, 375 F. Supp. 2d at 949. The Court DENIES Defendants' Motion for a More Definite Statement.

7

B. **<u>Defendants' Motion to Strike Class Allegations and Class Definitions</u>**

Defendants move to strike Plaintiffs' class definitions as improper "fail-safe" classes. Mot. at 8-10. In the Amended Complaint, the Nationwide Collective Class is defined as:

> All persons, who: (i) are/were employed as Account Executives with the Company, excluding persons employed by Decision One Mortgage Company; (ii) are/were not paid the federal minimum wage for all hours worked; (iii) are/were not paid overtime compensation work [<u>sic</u>] performed beyond the forty (40) hour work week; and (iv) choose to opt-in to this action (the "Nationwide Collective Class").

Am. Compl. ¶ 55. The California Class is defined as:

> All persons within the State of California who: (i) are/were employed as Account Executives with the Company, excluding persons employed by Decision Mortgage Company [<u>sic</u>]; (ii) are/were not paid for all hours worked in a given workweek; and (iii) are/were not paid premium overtime compensation at a rate not less than one and one-half times their regular rage [<u>sic</u>] for hours worked beyond the forty (40) hour work week, and/or eight (8) hours in a workday.

<u>Id.</u> ¶ 57.

Fail-safe classes are defined by the merits of their legal claims, and are therefore unascertainable prior to a finding of liability in the plaintiffs' favor. <u>Brazil v. Dell, Inc.</u>, No. 07-1700, 2008 WL 2693629, at *7 (N.D. Cal. July 7, 2008); <u>In re Wal-Mart Stores</u>, 505 F. Supp. 2d at 614. In <u>Brazil</u>, the classes were defined as all persons or entities who purchased Dell computer products that "Dell falsely advertised." 2008 WL 2693629 at *7. The court noted that to determine who should be a member of the classes, it would be necessary for the court to reach a legal

1 conclusion that Dell had falsely advertised.  Id.  The court
2 therefore granted a motion to strike the class definitions.  Id.
3 In In re Wal-Mart Stores, the court found plaintiffs' class
4 definitions suspicious for similar reasons.  505 F. Supp. 2d at
5 615.  However, the Court determined that it would be premature to
6 rule on the propriety of the class allegations and definitions.
7 Id. at 615-16.

8    In Brazil, the court ruled on the class definitions, while in
9 In re Wart-Mart Stores, the court deferred making such a ruling
10 for the following reason.  In Brazil, the court determined that
11 Texas rather than California law applied, and the court granted
12 plaintiffs leave to amend their complaint to state claims under
13 Texas law.  2008 WL 2693629 at *6-7.  Because the plaintiffs were
14 almost certain to amend their complaint, it made sense for the
15 court to strike plaintiffs' fail-safe class definitions at that
16 juncture.  In In re Wal-Mart Stores, on the other hand, the court
17 granted in part Wal-Mart's motion to dismiss without leave to
18 amend.  505 F. Supp. 2d at 621.  While the court struck
19 plaintiffs' prayer for punitive damages with leave to amend, they
20 could only do so if they could allege an adequate basis for
21 punitive damages.  Id.  Since an amended complaint was not likely,
22 it made sense for the court to defer ruling on the class
23 definitions.

24    Here, the Court also finds the class definitions troubling
25 because, for example, the classes cannot be defined before first
26 making the legal determination that Account Executives were not
27 paid overtime compensation for hours worked beyond forty in any
28

9

one week.  However, since the Court has denied Defendants' motion for a more definite statement, the Court will follow the approach adopted in In re Wal-Mart Stores.  Generally, courts review class allegations and definitions through a motion for class certification.  Id. at 614.  "Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for the arguments."  Thorpe v. Abbott Labs., Inc., 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008).  In In re Wal-Mart Stores, the court denied the motion to strike class allegations, noting that the non-moving party "has not answered in this case, discovery has not yet commenced, and no motion for class certification has been filed."  Id. at 615.  For the same reasons, the Court DENIES Defendants' motion to strike as premature.

### V.  CONCLUSION

For the reasons stated above, Defendants' Motion for a More Definite Statement or, in the Alternative, to Strike Class Allegations and Class Definitions is DENIED.  The parties shall appear for a Case Management Conference on February 6, 2009, at 10:00 a.m. in Courtroom 1, on the 17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

IT IS SO ORDERED.

Dated: January 16, 2009

UNITED STATES DISTRICT JUDGE

10