UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL VELASQUEZ, FAVIOLA ALVAREZ, MARCELO ALTAMIRANO, JACKEY WILSON II, CARLOS MARTINEZ AND DIONICIO MARTINEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC FINANCE CORPORATION; HOUSEHOLD FINANCE CORPORATION; BENEFICIAL COMPANY, LLC,<br><br>Defendants. | Case No. 08-4592 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE <u>SUPPLEMENTAL ANSWER</u> |

## I. **INTRODUCTION**

This matter comes before the Court on the Motion for Leave to File Supplemental Answer ("Motion") filed by Defendants HSBC Finance Corporation, Household Finance Corporation, and Beneficial Company, LLC ("Defendants"). Docket No. 65. Defendants submitted a copy of the Proposed Supplemental Answer. Musolino Decl. Ex. A ("First Supplemental Answer to First Am. Compl.").[1] Plaintiffs filed an Opposition, and Defendants submitted a Reply. Docket Nos. 73, 77. For the reasons stated herein, the Defendants' Motion is GRANTED.

---

[1] Regina A. Musolino, a partner with the law firm Seyfarth Shaw, attorneys for Defendants, filed a Declaration in Support of the Motion. Docket No. 67.

## II. BACKGROUND

Plaintiffs filed their initial Complaint on October 2, 2008, and an Amended Complaint on November 18, 2008. See Docket Nos. 1 ("Compl."), 22 ("Am. Compl."). The Amended Complaint contains ten counts, including (1) failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; (2) failure to pay the federal minimum wage in violation of the FLSA; (3) failure to pay the California minimum wage in violation of Cal. Code Regs. tit. 8, § 11000; and (4) failure to pay overtime compensation in violation of Cal. Code Regs. tit. 8, § 11040, and Cal. Labor Code § 510(a). Id. ¶¶ 58-82.

On January 16, 2009, the Court denied Defendants' Motion for a More Definite Statement. Docket No. 35 ("Order"). Defendants filed their Answer to the Amended Complaint on February 2, 2009. Docket No. 37 ("Answer"). Defendants now move for leave to file a Supplemental Answer.

## III. LEGAL STANDARD

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Motions for leave to file supplemental pleadings should be granted unless undue prejudice to the opposing party will result. LaSalvia v. United Dairymen of Arizona, 804 F.2d 1113, 1119 (9th Cir. 1986). Defendants may raise new defenses by way of a

supplemental answer. <u>Arizona v. California</u>, 530 U.S. 392, 409 n.4 (2000).

**IV. DISCUSSION**

Defendants move to file a supplemental answer that adds the affirmative defenses of set-off and release related to severance agreements purportedly executed by putative class members after Defendants filed their Answer. Mot. at 4; Musolino Decl. ¶ 5. The Court finds that Plaintiffs will not be prejudiced by the proposed Supplemental Answer. No discovery cutoff or trial date has been set in this case, and Plaintiffs' pending Motion for Conditional Collective Certification will not be heard until February 5, 2010. Defendants' Supplemental Initial Disclosures, which were mailed to Plaintiffs' counsel on July 30, 2009, states that Defendants may rely on a "Severance and Release Agreement" to support its defenses to Plaintiffs' claims. Tabacopoulos Decl. Ex. 1 ("Defs.' Supplemental Initial Disclosures").[2]

Plaintiffs contend that granting Defendants leave to file a Supplemental Answer would be futile. Opp'n at 3. Plaintiffs contend that claims under the FLSA cannot be waived. <u>Id.</u> at 4-5. Without reaching the merits of Plaintiffs' contention, the Court notes that Plaintiffs' causes of action go well beyond the FLSA, and include alleged violations of California labor laws. <u>See</u> Am. Compl. ¶¶ 58-106. Plaintiffs make no effort to argue that the

---

[2] Diana Tabacopoulos, a partner with the law firm Seyfarth Shaw, attorneys for Defendants, filed a Declaration in Support of Defendants' Reply. Docket No. 77-1.

affirmative defenses of set-off and release would be futile with respect to these other causes of action. Plaintiffs have failed to show that permitting Defendants to file their proposed Supplemental Answer would be futile or unduly prejudicial.

**V.     CONCLUSION**

For the reasons stated above, Defendants' Motion for Leave to File a Supplemental Answer is GRANTED. Defendants must file their Supplemental Answer to Plaintiffs' Amended Complaint no later than ten (10) calendar days from the date of this Order. The parties shall appear for a Case Management Conference on April 16, 2010, at 10:00 a.m. in Courtroom 1, on the 17th floor, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

IT IS SO ORDERED.

Dated: December 4, 2009

UNITED STATES DISTRICT JUDGE

4