# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| VELASQUEZ, *et al.*, | |
| Plaintiffs, | No. C 08-4592 SC (MEJ) |
| v. | **DISCOVERY ORDER RE DKT. #82** |
| HSBC FINANCE CORPORATION, *et al.*, | |
| Defendants. | |

On November 25, 2009, the parties in this matter filed a joint letter detailing a dispute over the scope of discovery. (Dkt. #82.) Specifically, Plaintiffs contend that they are entitled to conduct discovery on a nationwide basis, while Defendants maintain that at this juncture - *i.e.*, prior to the Court's ruling on Plaintiffs' Motion for Conditional Collective Certification - Plaintiffs are only entitled to conduct discovery relating to their California-based claims and class members.

Notably, Plaintiffs indicate that they are not seeking unlimited discovery, but "seek certain discrete documents and the depositions of a few select individuals." (Letter at 2.) Aside from stating that the three individuals are Defendants' Human Resources employees, Plaintiffs do not provide any other details about who these witnesses are or why they should be permitted to depose them at this time. Similarly, with respect to the documents Plaintiffs have requested from Defendants, Plaintiffs only proffer a vague description of the documents as "certain categories of documents that Defendant admittedly used to conduct in-house investigations into employee complaints regarding 'off the clock' work." (Letter at 2 n.2.)

In response, Defendants argue that Plaintiffs' discovery requests are premature because the Court has not ruled on Plaintiffs' Motion for Conditional Collective Certification. Defendants maintain that prior to collective certification of a nationwide class, Plaintiffs should be restricted to

discovery on their California claims. Further, Defendants assert that before the Court considers the proper scope of discovery, Plaintiffs should be required to specifically identify what discovery they are seeking.

The Court has carefully considered the parties' arguments and cited authorities and now **RULES** as follows:

While the Court agrees with Plaintiffs that they are entitled to conduct discovery beyond their California claims, such discovery should be limited and managed until the Court rules on Plaintiffs' certification motion. Because Plaintiffs have not provided sufficient detail regarding the documents they are requesting and the three witnesses they seek to depose, the Court cannot determine whether Plaintiffs are entitled to such discovery at this time. Accordingly, if the parties are unable to resolve this issue after meeting and conferring, they may submit a follow-up letter, wherein Plaintiffs should provide a detailed discussion as to why they are entitled to obtain the "categories of documents" and depose the three witnesses at this time.

**IT IS SO ORDERED.**

Dated: December 15, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge